# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**PERCY CURRY, et al.,**

      **Plaintiffs,**      **CIVIL ACTION NO. 06-cv-11728**

 **VS.**      **DISTRICT JUDGE DAVID M. LAWSON**

**SBC COMMUNICATIONS,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INC., a/k/a AT&T, INC., et al.,**

      **Defendants.**

_____/

## OPINION AND ORDER DENYING DEFENDANT AT&T, INC.'S MOTION TO COMPEL PLAINTIFFS' COMPLETE RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS (DOCKET NO. 108)

Before the Court is Defendant AT&T, Inc.'s Motion To Compel Plaintiffs' Complete Responses To Defendant's Discovery Requests filed on January 23, 2009. (Docket no. 108). Plaintiffs filed a Memorandum in Opposition (Response) on February 6, 2009. (Docket no. 112). The parties filed a Joint List of Unresolved Issues on March 2, 2009. (Docket no. 118). The Court heard oral argument on this motion on March 9, 2009. This motion was referred to the undersigned for decision. (Docket no. 110). The motion is now ready for ruling.

Plaintiffs are employees of Defendant SBC Communications, now part of AT&T, Inc., who filed this class action on April 10, 2006 alleging race discrimination in violation of Title VII, race discrimination in violation of 42 U.S.C. § 1981 and race discrimination in violation of the Elliott-Larsen Civil Rights Act[1]. The other remaining defendant is the Communication Workers of America Local 4108. (Docket no. 57).

---

[1] Plaintiff's Motion for Class Certification was denied on June 23, 2008. (Docket no. 94).

Defendant brings this motion to compel seeking responsive documents to its First Set of Interrogatories and Second Requests for Production of Documents which it served on Plaintiffs on December 4, 2008, seeking full responses to its Second Set of Expert Interrogatories and Request for Production of Documents Pertaining To Expert Witness Testimony served on December 17, 2008, and seeking complete responses to its Second Interrogatories and Third Requests for Production of Documents which it served on December 17, 2008.  (Docket no. 108).  The parties resolved all issues prior to the hearing except with respect to Defendant's Second Interrogatories and Third Requests for Production of Documents.  (Docket no. 108).

Defendant served its Second Set of Interrogatories and Third Request for Production of Documents on December 17, 2008.  Plaintiff's Responses and Answers were due on January 20, 2009. Fed. R. Civ. P. 6(d).  On January 20, 2009 Plaintiffs served only objections to Defendant's Second Set of Interrogatories and Third Set of Requests for Production of Documents.  (Docket no. 108-6). Plaintiffs' objections included the objection that the requests are untimely because they were "served on a date which requires a response after the court-ordered discovery cut-off date of January 15, 2009."

The Court may order discovery to be completed by a date certain.  *See Eastman II v. Ameristep Blinds, Inc.*, 2007 U.S. Dist. LEXIS 43493 (E.D. Mich. June 15, 2007).  The Court's scheduling order states that "[d]iscovery shall be completed on or before January 15, 2009. This Court will not order discovery to take place subsequent to the discovery cutoff date.  Discovery can be conducted both before and after the discovery cutoff date by stipulation only if the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates."  (Docket no. 101).

The parties dispute whether there was a stipulation or agreement to answer Defendant's Second Set of Interrogatories and Third Request for Production of Documents after the January 15, 2009 deadline. A review of the email correspondence provided by the parties shows that Plaintiffs requested an extension to respond to discovery which they referred to as the discovery "due on January 6" and the "expert discovery"[2]. (Docket 112-2, Plaintiffs' Memorandum in Opposition, Ex. 1). There is no indication from the email correspondence that Plaintiffs agreed to or sought an extension to respond to the Second Set of Interrogatories and Third Set of Requests for Production which were served on December 17, 2008. On January 20, 2009 Plaintiffs served their Objections to Defendant's Second Interrogatories and Third Request for Production of Documents and would not have otherwise needed an extension to object and/or respond by January 20, 2009. The Court finds that there was no stipulation to extend the completion of this set of discovery beyond the scheduling deadline.

Defendant also argues that Plaintiffs should have objected to the timeliness of the discovery before Plaintiffs served their objections on Defendant. Defendant provides no legal support for this assertion. There is no ambiguity in the scheduling order which states that discovery was to be "completed" by January 15, 2009. (Docket no. 101). Prior to the hearing or the discovery deadline, Defendant did not timely move the Court to extend the discovery deadline and at the hearing

---

[2] Defendant served Plaintiffs with a Second Set of Expert Interrogatories and Request for Documents Pertaining to Expert Witness Testimony on December 17, 2008. (Docket no. 108 at 7 of 15). Although this set of discovery would have required Plaintiffs to respond after the Court's January 15, 2009 deadline to complete discovery, the correspondence and pleadings show that the parties had stipulated to a response date of January 30, 2009 for the discovery related to the expert witness. (Docket no. 108-6 at 7 of 95). The correspondence also shows that Plaintiff requested an extension to January 20, 2009 to respond to the discovery which was due on January 6, 2009 (Defendant's First Set of Interrogatories and Second Request for Production of Documents). (Docket no. 112-2).

Defendant did not show good cause to extend the discovery deadline[3]. Plaintiffs also object that the interrogatories were too broad and they exceeded the twenty-five allowed under Fed. R. Civ. P. 33. The Court need not reach this issue because it will deny Defendant's Motion to Compel as to the Second Set of Interrogatories and Third Request for Production. The Court will further deny the respective parties' requests for an award of costs and fees. The circumstances of this motion, including but not limited to Plaintiffs supplementing discovery after Defendant filed its motion and Plaintiffs being substantially justified in objecting to a portion of the discovery at issue, make the award of expenses to either party unjust. Fed. R. Civ. P. 37(a)(5).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff's Complete Responses To Defendant's Discovery Requests (docket no. 108) is **DENIED**.

---

[3] This action has been pending since April 2004. Discovery was limited to class certification issues pending the Court's determination of class certification issues. (Docket no. 55). Plaintiff's Motion for Class Certification was denied on June 23, 2008 (Docket no. 94). The Court entered the current Case Management and Scheduling Order on October 14, 2008. (Docket no. 101).
  Plaintiff also objected that the material sought in the Second Set of Interrogatories and the Third Requests for Production was provided during the depositions of the Plaintiffs. Upon questioning by the Court at the hearing, Defendant's counsel confirmed that some of the material sought was duplicative.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: March 19, 2009                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE



## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 19, 2009                     s/ Lisa C. Bartlett
                                          Courtroom Deputy

5